ISRAEL STONE *vs.* ASA STONE ET ALS.

A Statute declared: "No bargain, sale, mortgage or other conveyance, of *houses or lands*, made and executed within this colony, shall be good and effectual to hold such houses and lands against any other person or persons, but the grantor or grantors, or their heirs only, unless the deed or deeds thereof be acknowledged and recorded in manner as is expressed." *Held*, that this statute did not extend to a lease for years of land and a right of way.

The opinion was delivered by

BRAYTON, J.  The plaintiff, Israel Stone, at the August Term, 1849, commenced his action against the defendant.  In the first count of his declaration, he alleges that on the 12th day of May, 1849, and ever since, he has been possessed of a certain farm, bounded easterly on the land of the said Asa Stone, and that he had and ought to have a drift and cart way through the land of the said Asa, one branch thereof to said Asa's grist mill, and the other branch thereof to the country road, so called, for himself, horse, cattle and cart, to pass and repass as he had occasion.

In the second count he alleges, that on the 30th day of May, 1849, and ever since, he has been possessed of a certain other farm, formerly owned by one John Bucklin, deceased, bounded on the easterly side by land of said Asa Stone, in part, and laying to the South of the country road, so called ; and that he, the plaintiff, had, and still ought to have, a drift and cart way through the

land of the said Asa, to said country road, for himself, horses, cattle and cart, to pass and repass as he had occasion. That the defendant stopped up said drift ways, and still keeps them stopped up to the plaintiff's injury.

On the trial of the action in the Court at the August Term, 1850, the plaintiff claimed the way by user for twenty years, claiming during all that time a right in fee to the way, and many witnesses were examined to that point, both by plaintiff and defendant.

It was in evidence in the cause, that one Joseph Bucklin, from whom the plaintiff deduced his title to the land in his possession, was, in 1749, the owner both of the plaintiff's farm, and of the land of the defendant, over which the way is now claimed, and, on that day conveyed to his son, John Bucklin, that part now owned by the said Asa Stone, the said Asa deducing his title from the said John. That on the same day, the said John Bucklin, in consideration of this deed from his father, and referring to it, executed to the said Joseph a lease, by which he " demised and let unto my said father, his heirs and assigns, the corn mill, standing on the land my said father gave me, as aforesaid, with the mill pond as it now floweth, and the privilege of a drift way from my said father's land, to said mill, and from said mill, on the east side of the said land my said father gave me, as aforesaid, until it comes to the north-east corner of said land, and from my said father's land, extending from the north-east side of the orchard, across the aforesaid land, *it being an easterly course*, where it shall be most convenient for him, for the *full term of one hundred years* from the date hereof."

Israel Stone *vs.* Asa Stone et als.

This lease was not acknowledged, but was duly recorded.

This instrument was offered in evidence by the defendants and passed to the jury ; and oral evidence was offered to show, that the way claimed by the plaintiff was identical with the way demised in the instrument, viz : from the north-east corner of the orchard, across said land, in an easterly course, and the point was made, also, by the counsel in the argument to the jury.

But upon the suggestion that the instrument was void for the want of an acknowledgment, by the lessor, the Court charged the jury that the said instrument was of no force or effect, and could not legally be considered by them in the decision of the cause.

For this alleged error in the ruling of the Court, the defendants now move for a new trial in the cause ; and the question is thus raised, whether in 1749, this instrument, to give it validity, required acknowledgment.

This depends wholly upon the Statute, and its phraseology. The first Act upon the subject, requiring an acknowledgment of any instrument of conveyance, was passed in 1714. That act provides, " that from and after the publication of the act, no bargain, sale, mortgage or other conveyance, of houses or lands, made and executed within this colony, shall be good and effectual to hold such houses and lands, against any other person or persons, but the grantor or grantors, or their heirs only, unless the deed or deeds thereof be acknowledged and recorded in manner as is expressed ;" i. e. as provided in the 1st section of the act.

The Statute remained unchanged from that time down

to the revision in 1798, and was in force when this instrument was executed.

Now the term lands does not comprehend chattel interests nor incorporeal hereditaments, (3 Kent 402.)

The subject claimed to have passed by this instrument is a right of way, an incorporeal hereditament, which Blackstone, (vol. 2, p. 20,) says, is distinct from land, and is not a thing corporeal itself, but something collateral thereto ; and in order to form a clear notion of an incorporeal hereditament, we must be careful not to confound together the profits produced, and the thing or hereditament which produces them. They are a sort of accident which arise on, and are supported by, the corporeal.

So in case of a lease for years, (2 Bl. p. 144,) which vests no estate in the lessee, but only gives him a right of entry on the tenement, and, when he has entered, the estate is then his, and not before vested in him, and he becomes possessed, not of property in the land, but of the term for years. This is a chattel interest. The seizin of the land still remains in the lessor.

The Statute remained substantially the same in the digest of 1767, and down to the revision in 1798, when the second section of the act respecting conveyances of real estate was made, and reads thus—" all bargains, sales and other conveyances whatever, of any *lands, tenements or hereditaments*, whether they be made for passing any estate of freehold or inheritance, or *for term of years*, exceeding the term of one year, or all deeds of trust and mortgage whatever, which shall hereafter be made and executed, shall be void, unless they shall be acknowledged and recorded, as above said."

Here, then, the statute is extended so as to include chattels and hereditaments, both corporeal and incorporeal, as well as lands, in the proper sense of the term, and to include terms for years, which before were not within the Statute.

We are of opinion, therefore, that as the statute stood in 1749, the time of the execution of this lease, and grant of the way, an acknowledgment by the grantor was not necessary to the validity of the grant, and that it should have been left to the jury to determine, whether or not the way claimed was the way described in the grant; for if in point of fact the plaintiff was using the way granted, he could not be interrupted—that is, by the defendant, during the continuance of the grant, viz: down to the expiration of the one hundred years, in 1849; nor could the plaintiff, during the continuance of the hundred years, set up a claim to a way, in fee, instead of for years.

New trial granted—costs to abide the result.

BRADLEY for the plaintiff.

COZZENS for the defendant.